IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RUBBY JAMES GRAY                                                                           PLAINTIFF

V.                              3:15CV00343 KGB/PSH

MATT HALL *et al*                                                                          DEFENDANTS

## ORDER

Plaintiff Rubby James Gray, who is currently held at the Craighead County Detention Facility, filed a complaint pursuant to 42 U.S.C. § 1983, on October 28, 2015. Plaintiff did not pay the $400.00 filing and administrative fees, or file an application for leave to proceed *in forma pauperis* ("IFP"). Additionally, plaintiff's complaint is too vague to determine if he has stated a claim for relief against each defendant. Accordingly, if plaintiff intends to pursue this matter, he must submit, no later than 30 days after the entry date of this order, the full $400.00 filing and administrative fees, or a properly completed application for leave to proceed IFP, along with a calculation sheet and certificate signed by an authorized official. Plaintiff must also submit, no later than 30 days after the entry date of this order, a signed amended complaint containing the information specified in Section III of this order. Plaintiff's failure to pay the filing fee or file an application for leave to proceed IFP, or his failure to file an amended complaint as ordered, will result in the recommended dismissal of his complaint.

### I. Filing fee

Under the Prison Litigation Reform Act of 1995, a prisoner who is permitted to file a civil

action IFP still must pay the full statutory filing fee of $350.00.[1] 28 U.S.C. §1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

**If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the filing and any applicable administrative fees will be collected and no portion of the fees will be refunded to the prisoner.**

So that the Court can determine how the fees will be paid, plaintiff is required to submit, no later than thirty (30) days after this order's entry date, either the full $400.00 filing and administrative fees, or a fully completed and signed application for leave to proceed *in forma pauperis*, including a trust fund calculation sheet and certificate signed by an authorized official. If plaintiff is granted *in forma pauperis* status, the Court will assess an initial partial filing fee if sufficient funds exist, and will also direct the future collection of monthly installment payments from plaintiff's account until the $350.00 filing fee is paid in full. *Id*. 1915(b)(1) and (2). However, no prisoner will be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." *Id*. 1915(b)(4).

---

[1] The $50.00 administrative fee is waved for plaintiffs granted IFP status.

## II.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III.  Plaintiff's Claims

Plaintiff's complaint contains a variety of vague allegations regarding medical care, the conditions of his confinement, and racial discrimination.  The role each defendant had in the alleged constitutional violations is unclear.  Additionally, plaintiff cannot defeat the filing fee requirements set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915, by joining in one lawsuit a multitude of unrelated and legally distinct claims.  Accordingly, plaintiff must submit an amended complaint

within 30 days which identifies claims relating to only one issue, and contains a short statement of the specific role each defendant had in the alleged constitutional violations, and the injuries plaintiff sustained. Plaintiff's failure to file the amended complaint as ordered within 30 days of this order's entry date will result in the recommended dismissal of his complaint.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to forward an IFP application, certificate, and calculation sheet to plaintiff.

2. No later than 30 days after the entry date of this order, plaintiff must submit the full $400.00 filing and administrative fees, or file a fully completed and signed IFP application, along with the trust fund calculation sheet and certificate, signed by an authorized official. Plaintiff's failure to do so will result in the recommended dismissal of his complaint.

3. No later than 30 days after the entry date of this order, plaintiff must file a signed amended complaint setting forth the information specified in Section III of this order. Plaintiff's failure to do so will result in the recommended dismissal of his complaint.

4. Service is not appropriate at this time.

DATED this 29th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE